UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS F. MORAN, | § | No. 5:15-CV-1121-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JEFFREY DEWAYNE SMITH, | § | |
| | § | |
| Defendant. | § | |

ORDER (1) DENYING MOTION TO DISMISS FOR IMPROPER VENUE AND
(2) GRANTING MOTION TO TRANSFER VENUE

Before the Court is a Motion to Dismiss for Improper Venue and alternatively, Motion to Transfer Venue filed by Defendant Jeffrey Dewayne Smith ("Defendant"). (Dkt. # 8). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memorandum filed in support of the motion,[1] the Court, for the reasons that follow, **DENIES** Defendant's Motion to Dismiss for Improper Venue and **GRANTS** Defendant's Motion to Transfer Venue. (Dkt. # 8.)

---

[1] Plaintiff, who is represented by counsel, did not file a response to the instant motion.

1

BACKGROUND

Thomas F. Moran ("Plaintiff") is a resident of Texas. ("Compl.," Dkt. # 1 ¶ 5.) Defendant is a resident of Oklahoma. (Id. ¶ 6.) This case arises out of a motor vehicle accident that occurred on February 2, 2014, while they were traveling north on Interstate Highway 35 in Carter County, Oklahoma. (Id. ¶ 8; Dkt. # 8 at 1.) Plaintiff alleges Defendant rear-ended him and Defendant fled the scene following the collision. (Compl. ¶¶ 8−10.) Plaintiff also contends that he suffered personal injuries. (Id. ¶¶ 11−13.)

On December 15, 2015, Plaintiff filed a Complaint invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Id. ¶¶ 1−2.) Plaintiff asserts three causes of action: (1) negligence; (2) negligence per se; and (3) gross negligence. (Id. ¶¶ 11−16.) Plaintiff asserts all causes of action under Texas law and seeks damages in excess of $250,000. (Id. ¶¶ 2, 7.) On May 26, 2016, Plaintiff served Defendant with process after being granted leave for substitute service. (Dkts. ## 6−7).

On June 14, 2016, Defendant filed the instant motion and an Answer. (Dkt. # 8.) Defendant seeks to dismiss the case for improper venue, or in the alternative, an order to transfer venue to the United States District Court for the Western District Oklahoma. Plaintiff has not filed a Response.

## LEGAL STANDARD

A party may move to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For all civil actions that invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant us subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)−(3). If the case falls within one of these provisions, venue is proper; if it does not, venue is improper, "and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Tex., 134 S. Ct. 568, 577 (2013). Once a defendant challenges venue, "the plaintiffs have the burden to prove that the chosen venue is proper." Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc., 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013) (citation omitted). On a Rule 12(b)(3) motion to dismiss for improper venue, the court must view all the facts in a light most favorable to the plaintiff. Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 237−38 (5th Cir. 2009). "Thus, a plaintiff may show that venue is proper by

3

'setting forth facts that taken as true would establish venue.'" Zurich Am. Ins. Co., 982 F. Supp. 2d at 719; see also Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994).

As previously discussed, where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[2] This provision authorizes dismissal only where venue is "wrong" or "improper" in the forum in which it was brought. Atlantic Marine, 134 S. Ct. at 577. While the Fifth Circuit has articulated a factor-based test to help district courts determine whether to transfer pursuant to 28 U.S.C. § 1404(a), no such test exists explaining to a district court how it should determine whether to dismiss or transfer "in the interest of justice" pursuant to 28 U.S.C. § 1406(a). See In re Volkswagen of Am., Inc., 545 F.3d 304, 312 (5th Cir. 2008) (explaining that a district court should balance public and private interest factors to determine whether to transfer pursuant to 28 U.S.C. § 1404(a)); Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004) (same). However, the Supreme Court has explained that "Congress . . . recognized that 'the interest of justice' may require that the plaintiff not be penalized by . . . 'time consuming and justice-defeating technicalities.'"

---

[2] Notably, two venue transfer statutes exist: 28 U.S.C. §§ 1404 and 1406. The former permits a district court in which venue is proper to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(1). The latter permits a district in which venue is improper to either dismiss or transfer the case to a court where venue would otherwise be proper. 28 U.S.C. § 1406(a). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)

Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (holding that a court may transfer a case even where it lacks personal jurisdiction). Indeed, the Goldlawr Court concluded that § 1406 accords with the general purpose "of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on the merits," such as improper venue or lack of personal jurisdiction. Id. at 466−67. The Fifth Circuit has affirmed § 1406 transfers based on the "interest of justice" because "witnesses, evidence, the underlying events, and both defendants are based there." Herman v. Cataphora, Inc, 730 F.3d 460, 466 (5th Cir. 2013).

## DISCUSSION

I. Venue

Based on the undisputed facts in Plaintiff's own Complaint, the Court finds that the Western District of Texas is an improper venue pursuant to 28 U.S.C. § 1391(b). Defendant undisputedly resides in Oklahoma. (Compl. ¶ 6.) Therefore, venue is improper in this Court pursuant to 28 U.S.C. § 1391(b)(1) (venue is proper where defendant resides). It is also undisputed that all of the events giving rise to this lawsuit occurred in Carter County, Oklahoma. (Id. ¶ 8.) Thus, venue is improper in this Court pursuant to 28 U.S.C. § 1391(b)(2) (venue is proper in the district where a substantial part of the events occurred). Finally, Plaintiff has pleaded no facts to suggest that this Court has personal jurisdiction

over the Defendant, to make venue possible under § 1391(b)(3). Moreover, venue may only be granted under § 1391(b)(3) "if there is no district in which the action may otherwise be brought." Plaintiff has made no showing that there is no other district in which the action may be brought. Indeed, Plaintiff never filed a Response to Defendant's Motion.

The only assertion Plaintiff makes is found in his Complaint where he states venue is proper in this Court because he "is a resident of the Western District of Texas and a citizen of San Antonio." However, a plaintiff's residence is an irrelevant consideration in determining proper venue. See 28 U.S.C. § 1391(b). Therefore, Plaintiff has not met his burden to establish that venue is proper in the Western District of Texas. Accordingly, the Court finds that venue is improper in the Western District of Texas.

II. Whether to Dismiss or Transfer

Since venue is improper, the Court must decide whether to dismiss the case or transfer it to a proper venue in the interest of justice. 28 U.S.C. § 1406(a). In the interest of justice, the established preference of courts is to deny dismissal of a case based on the procedural technicality of an improper venue. See Goldlawr, Inc., 369 U.S. at 467. One of the purposes of § 1406(a) is to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." Id. at 466–67. Should the Court transfer the case,

venue would be proper pursuant to 28 U.S.C. § 1391(b)(1) in the United States District Court for the Western District of Oklahoma—Oklahoma Division because Defendant resides in Oklahoma County, which is within that district and division. (Compl. ¶ 6; "Ans.," Dkt. # 8 § IV ¶ 6.)

In this instance, the interests of justice counsel in favor of transferring in lieu of dismissing. Were the Court to dismiss the case, Plaintiff would be unable to re-file in Oklahoma because the two-year statute of limitations for negligence has expired. Okla. Stat. tit. 12, § 95(A)(3); Horton v. Hamilton, 345 P.3d 357, 364 (Okla. 2015) ("For any negligence claim . . . [t]he statute of limitations runs for two years."). Further, since the accident occurred in Oklahoma, the vast majority of witnesses required for trial, such as police officers and motorists, likely reside within the transferee court's jurisdiction. For these reasons, the Court exercises its discretion and denies Defendant's motion to dismiss for improper venue, but grants Defendant's alternative motion to transfer venue.

## CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion. (Dkt. # 8). The Court **DENIES** Defendant's Motion to Dismiss for Improper Venue and **GRANTS** the Motion to Transfer Venue. The Court **ORDERS** the Clerk to transfer this case to the United

States District Court for the Western District of Oklahoma—Oklahoma Division.

The hearing scheduled for September 23, 2016, is **CANCELED.**

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, July 27, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE